470 F.2d 188
 Fed. Sec. L. Rep. P 93,688
A. W. McGREGOR and Kervin E. Jacob, Plaintiffs-Appellees-Appellants,
v.
H. L. H. ENTERPRISES, INC., Defendant-Appellee,
J. W. Rooks and Harry L. Chambers, Defendants-Appellants.
 No. 72-1245.
 United States Court of Appeals,
Fifth Circuit.
 Dec. 12, 1972.
Rehearing Denied Jan. 17 and Feb. 21, 1973.
 
 Bob Heath, Robert F. Hyatt, III, Houston, Tex., for Harry L. Chambers.
 Joe Turner, Houston, Tex., for J. W. Rooks.
 Morton Susman, Houston, Tex., for McGregor & Jacob.
 Before TUTTLE, WISDOM and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from a judgment, following a jury verdict in favor of the appellees, McGregor and Jacob, resulting from a suit filed by them under Section 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C.A. Sec. 78j.[1]
 
 
 
 * * *
 We conclude that there is no merit in either the contention of appellants (1) that an instrumentality of interstate commerce was not utilized either "directly or indirectly"; (2) that there was insufficient evidence to submit to the jury the question whether the sale of McGregor's and Jacob's stock was attributable to the use of a "deceptive device"; or (3) that the court erroneously charged the jury as to the measure of damages. We conclude, therefore, on the appeal by the defendants below that the judgment must be Affirmed.
 McGregor and Jacob appeal from the unexplained act of the trial court in dismissing H.L.H. Enterprises, Inc. from the case, after the jury had returned a verdict against Rooks, Chambers (President of H.L.H. Enterprises, Inc.,) and H.L.H. Enterprises, Inc., the purchaser of the stock. H.L.H. filed no brief in this court undertaking to support this unexplained action by the trial court. We conclude that the jury's verdict against the corporation was fully supported, and, therefore, that the trial court erred in failing to enter a judgment against the corporation.
 The case is, therefore, Remanded to the trial court with directions to reintate H.L.H. Enterprises, Inc. as a defendant, and to include this defendant in the judgment in favor of McGregor and Jacob.
 
 
 [1]
 Sec. 78j. Manipulative and deceptive devices
 It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange-
 (b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.
 15 U.S.C.A. Sec. 78j.